# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-591V
Filed: January 18, 2022
UNPUBLISHED

| | |
|---|---|
| BRENDA BAUGHMAN,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs |

*Mark Theodore Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Lauren Kells,* U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On August 10, 2021, petitioner moved for an award of interim attorneys' fees and costs. (ECF No. 51.) On August 11, 2021, respondent filed a response deferring to the special master regarding the amount and appropriateness of an award of interim fees and costs. (ECF No. 52.) Petitioner filed a reply on the same day. (ECF No. 53.) Petitioner requests $35,020.85 to be paid for attorney's fees with an additional $3,765.25 to be paid for other costs for a total of $38,786.10. For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the full amount requested.

## I.    Procedural History

Petitioner filed her petition on April 25, 2018 alleging that she suffered a vaccine-induced polyneuropathy caused by her May 10, 2016 pneumococcal and tetanus

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

vaccinations.  (ECF No. 1.)  This case was originally assigned to Special Master Sanders.  (ECF No. 4.)  Petitioner filed her medical records between May 2, 2018 and February 11, 2019.  (ECF Nos. 7, 20.)  Respondent filed his rule 4(c) report recommending against compensation on June 13, 2019.  (ECF No. 26.)  This case was reassigned to my docket on August 28, 2018.  (ECF No. 29.)  Thereafter, petitioner filed additional medical records and a report by neurologist Alberto Martinez-Arizala M.D., to support her claim. (ECF Nos. 37-39.)  Respondent filed responsive expert reports and petitioner then filed a supplemental report by Dr. Martinez-Arizala.  (ECF Nos. 42-44, 47-48.)  Respondent also filed supplemental expert reports.  (ECF No. 50.)  Thereafter, petitioner filed the instant motion.  (ECF No. 51.)  A Rule 5 conference was subsequently held after which petitioner was ordered to file a further supplemental expert report.  (ECF No. 55.)

## II.     An Award of Interim Fees and Costs is Reasonable

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  42 U.S.C. § 300aa–15(e)(1)(A)–(B).  Petitioners are eligible for an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375; *see also Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 at *2 (Fed. Cl. Spec. Mstr. June 11, 2019) (citing *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017)) (observing three factors that have been considered when exercising discretion to award interim attorney's fees: (1) whether the fee request exceeds $30,000, (2) whether the expert costs exceed $15,000, and (3) whether the case has been pending for over 18 months.)

In light of the above, I exercise my discretion to allow an award of interim fees and costs.  This petition was filed approximately three and a half years ago, the amount sought for fees exceeds the $30,000.00 figure cited in *Chinea,* and I have instructed petitioner to file further expert evidence.  Moreover, respondent has not objected, but instead deferred to my discretion as to whether the standard for an interim award of fees and costs is met in this case.

### III.     Amount of Reasonable Fees and Costs

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).  However, petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award.  *Id*. at 484. Notwithstanding that respondent has not raised any specific objections to petitioner's fee application, "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."  *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 4743493 (Fed. Cl. 2008); *see also McIntosh v. Sec'y of Health & Human Servs.*, 139 Fed Cl. 238, 250 (2018) (finding that the special master "abused his discretion by failing to independently review the petitioner's counsel's motion for attorneys' fees and reimbursement of case costs to determine if the requested fees and costs were reasonable.").  Furthermore, "the Special Master [has] no additional obligation to warn petitioners that he might go beyond the particularized list of respondent's challenges."  *Duncan,* 2008 WL 4743493.

Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act.  *Avera,* 515 F.3d at 1347.  The lodestar approach involves first determining "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–48 *(*quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Once a court makes that initial calculation, it may then make an upward or downward departure to the fee award based on other specific findings.  *Id*. For attorneys receiving forum rates, the decision in *McCulloch v. Secretary of Health & Human Services* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has since updated the *McCulloch* rates to adjust for inflation and the Attorneys' Forum Hourly Rate Fee Schedules for successive years can be accessed online.[2]

I have reviewed the billing records submitted by petitioner's counsel.  All of the rates requested are reasonable and consistent with what has been awarded to petitioner's counsel in prior cases.  *See, e.g., Reed v. Sec'y of Health & Human Servs.*, No. 19-1319V, 2021 WL 5856886 (Fed. Cl. Spec. Mstr. Nov. 30, 2021); *Nemmer v.*

---

[2] Each of the Fee Schedules for 2015 through 2021 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

*Sec'y of Health & Human Servs.*, 17-1464V, 2020 WL 1910695 (Fed. Cl. Spec. Mstr. Feb. 20, 2020); *Ladue v. Sec'y of Health & Human Servs.*, No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018); *Pasquinelli v. Sec'y of Health & Human Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017). Additionally, upon my review, the hours billed in this case appear to be reasonable.

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375. The majority of the costs incurred in this case are for expert reporting with a small number of mailing and medical records requests. (ECF No. 51-1, p. 75.) Upon my review, the requested costs are reasonable.

### IV.     Conclusion

In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** and petitioner is awarded **a lump sum in the amount of $38,786.10, representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioner and her counsel, Mark Theodore Sadaka, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).